UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHASE TURNER,<br><br>        Plaintiff,<br><br>v.<br><br>THEODRICK JARMON,<br><br>        Defendant. | Case No. 3:17-cv-00236<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

**REPORT AND RECOMMENDATION**

This action arises out of pro se and *in forma pauperis* Plaintiff Chase Turner's incarceration at the Riverbend Maximum Security Institution (Riverbend) in Nashville, Tennessee. (Doc. No. 30.) Turner alleges that Defendant Riverbend Corrections Officer Theodrick Jarmon punched Turner in the face while Turner was restrained in handcuffs and ankle shackles, causing Turner permanent injury. (*Id.*) Despite almost two years of effort by Turner and the U.S. Marshal, Jarmon has not been served. Although Turner actively participated in the litigation at its outset, his last filing was made on April 6, 2018. The Court issued an order on October 30, 2018, directing Turner to show cause why this action should not be dismissed under Federal Rule of Civil Procedure 4(m) for failure to effect timely service or under Rule 41(b), for failure to prosecute. (Doc. No. 34.) Turner has not responded to that order or made any other filings. Accordingly, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rules 4(m) and 41(b).

I.      **Factual and Procedural Background**[1]

Turner filed this action under 42 U.S.C. § 1983 on January 30, 2017, naming Jarmon as the only defendant. (Doc. No. 1.) Turner also filed an application to proceed *in forma pauperis*. (Doc. No. 2.) In his complaint, Turner alleges that, on December 7, 2016, he lost his balance and stumbled towards Jarmon while he was being escorted to the shower in handcuffs and ankle shackles. (Doc. No. 1.) Jarmon responded by punching Turner in the face, causing Turner's left eye to swell shut and blacken. (*Id.*) After an investigation of the incident, Jarmon was fired. (*Id.*) Since the assault, Turner has experienced severe headaches and nausea. (*Id.*) Turner asserts a claim against Jarmon under 42 U.S.C. § 1983 for violation of Turner's Eighth Amendment rights and seeks $44,400.00 in damages. (*Id.*)

The Court granted Turner's application to proceed *in forma pauperis* and instructed Turner to complete a service packet for Jarmon. (Doc. No. 4.) Turner did so, and a summons for Jarmon issued on February 13, 2017. (Doc. No. 7.) That summons was returned unexecuted on April 17, 2017, having apparently been classified as "in transit" by the United States Postal Service for at least a month. (Doc. No. 9, PageID# 35.) The Court then directed the Clerk's Office to reissue a summons for Jarmon and deliver it to the U.S. Marshal to effect personal service. (Doc. No. 10.) The reissued summons was returned unexecuted on May 1, 2017, with the notation that Jarmon no longer worked at Riverbend. (Doc. No. 14.)

On May 25, 2017, the Court ordered Riverbend Warden Bruce Westbrooks or his authorized representative to file a notice under seal of Jarmon's last known address. (Doc. No. 16.) That address was filed under seal on June 27, 2017 (Doc. No. 18), and a sealed summons for Jarmon issued the next day (Doc. No. 19). After the U.S. Marshal attempted to personally serve

---

[1]     The facts in this section are drawn from Turner's complaint (Doc. No. 1) and amended complaint (Doc. No. 30) and are taken as true.

Jarmon at the listed address, the summons was returned unexecuted with the notation that Jarmon "does not live there." (Doc. No. 23, PageID# 68.)

Turner then filed a new potential address for Jarmon. (Doc. No. 29.) Turner also filed an amended complaint making the same allegations and claims but increasing the amount of damages. (Doc. No. 30.) A new summons issued for Jarmon on April 23, 2018. (Doc. No. 32.) That summons was returned unexecuted on August 20, 2018, after several attempts at service. (Doc. No. 33.) Ultimately, the property manager of the listed address told the U.S. Marshal that Jarmon had never lived there. (*Id.*)

On October 30, 2018, the Court ordered Turner to show cause by November 21, 2018, why this action should not be dismissed under either Federal Rule of Civil Procedure 4(m), for failure to effect timely service, or under Rule 41(b), for Turner's failure to prosecute. (Doc. No. 34.) The Court noted that the action was filed on January 30, 2017, and that, despite Turner's repeated attempts to effect service of process, Jarmon had not been served. (*Id.*) The Court also noted that Turner had not filed anything since April 6, 2018, when he filed the letter containing Jarmon's potential address and the amended complaint. (*Id.*) The Court warned Turner that failure to respond to the show-cause order would likely lead to a recommendation that this action be dismissed. Turner has not responded to the order.

## II. Legal Standard

### A. Rule 4(m)

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service

of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Absent either showing, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also*

*Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

### B. Rule 41(b)

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with

prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

**III.**     **Analysis**

    **A.**     **Failure to Effect Service of Process**

Turner has not responded to the Court's show-cause order regarding his failure to serve Jarmon and has not otherwise shown good cause to further extend the service deadline. In considering whether to nonetheless exercise discretion to permit untimely service, the Court may consider a number of factors, including whether:

> (1) a significant extension of time [is] required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant ha[s] actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff ha[s] made any good faith efforts at effecting proper service of process.

*Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

These factors, taken together, do not weigh in favor of a further extension of the service deadline in this case. Turner's § 1983 claim would likely be time-barred if he reasserted it in a new action,[2] and there is no indication that Jarmon would be unduly prejudiced by a further extension

---

[2] Section 1983 claims are governed by the state-law statute of limitations for personal-injury torts. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124 (2005); *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In Tennessee, actions for "injuries to the person" must be filed within one year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(1)(A); *see also Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016) (citing *Hughes v.*

to allow him to be served. But although those factors counsel in favor of an additional extension, the others do not. This lawsuit was filed more than two years ago and any additional extension would be "significant." *Id.* Further, it does not appear that Jarmon ever received notice of the lawsuit. Finally, although Turner made diligent efforts to serve Jarmon at the outset of the lawsuit, Turner has not responded to the Court's show-cause order and has not filed anything in this action since April 2018. It would be inappropriate for the Court to grant Turner additional time to effect service of process when he has not shown that he wants that result. Dismissal without prejudice is therefore warranted under Rule 4(m).

### B. Failure to Prosecute

The Court must also consider whether Turner's case should be dismissed under Federal Rule of Civil Procedure 41(b) for his failure to prosecute the action since April 2018. Weighing the four relevant factors, *see Knoll*, 176 F.3d at 363, the Court concludes that Turner's action should be dismissed without prejudice.

#### 1. Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Turner actively participated in this litigation through April 6, 2018 (Doc. Nos. 1–3, 8, 15, 20, 21, 24–30), showing that he is able to prosecute his claim. Even if Turner's failure respond to the Court's show-cause order or otherwise litigate the case since that time was not driven by bad faith, that failure still reflects "willfulness and fault" for purposes of

---

*Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000)). Turner's § 1983 claim against Jarmon stems from events that took place in December 2016, almost three years ago.

Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see id.* (finding that, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault"); *see also Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017) (finding that plaintiff was at fault for failing to respond to court's show-cause orders). This factor supports dismissal.

### 2. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. "If such efforts . . . [were] alone sufficient to establish prejudice" for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, because Jarmon has not been served, he has not wasted any time, money, or effort as a result of Turner's failure to prosecute. This factor weighs against dismissal.

### 3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court expressly warned Turner that failure to respond to the show-cause order could lead to dismissal. (Doc. No. 34.) This factor supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### 4. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is the appropriate result here.[3] Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5. That sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal").

---

[3] Because Turner's claim would likely be time-barred if he asserted it in a new action, dismissal without prejudice could be viewed as de facto dismissal with prejudice. *See Bowles v. City of Cleveland*, 129 F. App'x 239, 243 (6th Cir. 2005) (finding that "the district court effectively dismissed the [plaintiff's federal] claim with prejudice" where that claim would have been time-barred if refiled); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 367 (6th Cir. 1999) (Moore, J., dissenting) (finding dismissal without prejudice of a claim that would likely be time-barred if raised in a new proceeding is "indistinguishable from a dismissal with prejudice and should be treated as such"). That result does not change the recommended outcome. Given Turner's apparent abandonment of this action, any sanction other than dismissal would be futile. *See Crawford v. Beaumont Hosp.-Wayne*, No. 17-1305, 2017 WL 4182098, at *3 (6th Cir. Sept. 12, 2017) (affirming dismissal with prejudice under Rule 41(b) where district court had "repeatedly extended the deadline for [plaintiff to file a response to defendant's motion to dismiss] and clearly warned [plaintiff] that failure to comply could result in dismissal of her complaint").

### IV. Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rules 4(m) and 41(b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 11thth day of October, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge